

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ERIC STOWELL<br><br>　　　　Plaintiff,<br>vs.<br><br>CREDICO, INC. dba CREDIT<br>COLLECTIONS BUREAU<br><br>　　　　Defendant. | Case No. 17-4144<br><br>**COMPLAINT** |

## NATURE OF ACTION

1. Plaintiff Eric Stowell ("Plaintiff") brings this action against Defendant Credico, Inc. dba Credit Collections Bureau ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION, VENUE, AND STANDING

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4. "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were

previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6. "The Supreme Court has held time and again that the violation of a statutory right to receive information one is entitled to receive creates a concrete injury sufficient to confer standing on a plaintiff." *Zia v. CitiMortgage, Inc.*, No. 15-CV-23026, 2016 WL 5369316, at *6 (S.D. Fla. Sept. 26, 2016).

7. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

## THE FAIR DEBT COLLECTION PRACTICES ACT

8. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

9. "[T]he FDCPA is a broad remedial statute that imposes strict liability on debt collectors; its terms are to be applied 'in a liberal manner.'" *Cordes v. Frederick J. Hanna & Associates, P.C.*, 789 F. Supp. 2d 1173, 1175 (D. Minn. 2011) (quoting *Owens v. Hellmuth & Johnson, PLLC*, 550 F. Supp. 2d 1060, 1063 (D. Minn. 2008)).

10. "The FDCPA is a remedial, strict liability statute which was intended to be applied in a liberal manner." *Picht v. John R. Hawks, Ltd.*, 77 F.Supp.2d 1041, 1043 (D. Minn. 1999).

11. "In evaluating whether a debt collection letter is false, misleading, or deceptive in violation of § 1692e, the letter must be viewed through the eyes of an unsophisticated consumer." *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002).

12. The unsophisticated consumer standard is "designed to protect consumers of below average sophistication or intelligence, but they also contain an 'objective element of reasonableness.'" *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002) (quoting *Gammon v. G.C. Services Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994)).

13. Therefore, a debt collector is liable for engaging in conduct that could mislead the unsophisticated consumer even if the debt collector did not intend to mislead, and even if the plaintiff is not actually misled.

14. The FDCPA also generally prohibits conduct that harasses, oppresses, or abuses consumers, including the placement of telephone calls without meaningful disclosure of the caller's identity. *See* 15 U.S.C. §§ 1692d, 1692d(6).

15. "Courts have held that the meaningful disclosure required by § 1692d(6) has been made 'if an individual debt collector who is employed by a debt collection company accurately

discloses the name of her employer and the nature of her business." *Fashakin v. Nextel Comms.*, No. 05 Civ. 3080(RRM), 2009 WL 790350, at *7 (E.D.N.Y. Mar. 25, 2009).

16. Notably, unlike other sections of the FDCPA, § 1692d(6) does not require a "communication," but only "the placement of telephone calls." 15 U.S.C. § 1692d(6). "When a debt collector places phone calls without identifying itself, there is no additional requirement that these calls contain harassing language." *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1364 (N.D. Ga. 2011); *see also Sclafani v. BC Servs., Inc.*, No. 10–61360–CIV, 2010 WL 4116471, at *3 (S.D. Fla. Oct. 18, 2010) ("If [the defendant] could not leave voice messages that simultaneously complied with the multiple applicable provisions of FDCPA, it should not have left the offending voice messages.").

17. "Meaningful disclosure requires that the debt collector state his or her name, capacity, and provide enough information to the consumer as to the purpose of the call." *Doshay v. Global Credit Collection Corp.*, 796 F. Supp. 2d 1301, 1304 (D. Colo. 2011) (citing *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1074 (E.D. Cal. 2007)). "When a debt collector places phone calls without identifying itself, there is no additional requirement that these calls contain harassing language." *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1364 (N.D. Ga. 2011).

18. "Courts have defined 'meaningful disclosure' to include *disclosure of the caller's name*, the debt collection company's name, and the nature of the debt collector's business." *Dokumaci v. MAF Collection Servs.*, No. 8:09-CV-2488-T-24 TG, 2011 WL 833988, at *3 (M.D. Fla. Mar. 4, 2011) (quoting *Sclafani v. BC Services, Inc.*, 2010 WL 4116471, at *2 (S.D. Fla. Oct. 18, 2010) (quotations omitted) (emphasis added); *see Terrell v. Prosperity Fin. Solutions, Inc.*, No. 1:12-CV-2515-TWT, 2013 WL 3149374, at *2 (N.D. Ga. June 18, 2013)

("[C]ourts have 'uniformly' construed [§ 1692d(6)] as requiring a debt collector to disclose *the caller's name*, the debt collection company's name, and the nature of the debt collector's business.") (emphasis added); *Abernathy v. NCC Bus. Servs., Inc.*, No. 2:11-CV-219-SA-SAA, 2012 WL 4320810, at *5 (N.D. Miss. Sept. 18, 2012) ("Meaningful disclosure requires that the debt collector state *his or her name*, capacity, and provide enough information to the consumer as to the purpose of the call.") (emphasis added); *Bryant v. Credit Adjustments, Inc.*, No. 10-61009-CIV, 2011 WL 902009, at *2 (S.D. Fla. Mar. 14, 2011) ("courts have defined 'meaningful disclosure' to include disclosure of *the caller's name*, the debt collection company's name, and the nature of the debt collector's business") (emphasis added); *Davis v. Bonewicz*, 2011 WL 5827796, at *2 (E.D. Mo. Nov. 18, 2011) (same); *Gryzbowski v. I.C. Sys., Inc.*, 691 F. Supp. 2d 618, 625 (M.D. Pa. 2010) (same); *see also Glover v. Client Servs., Inc.*, No. 1:07-CV-81, 2007 WL 2902209, at *5 (W.D. Mich. Oct. 2, 2007) ("[T]he individual telephoning the debtor *must state his or her name* and capacity and disclose enough information so as not to mislead the recipient as to the purpose of the call.") (emphasis added).

19. "[D]isclosing the name of the [collection agency] but not the name of the caller does not satisfy the 'meaningful disclosure' requirement." *Hockenhull v. Law Office Howard Lee Schiff, P.C.*, No. CA 12-415 S, 2012 WL 6525504, at *4.

20. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

21. Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991)).

22. This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

23. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e. *See Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

24. It also prohibits the use of unfair or unconscionable means to collect debts. *See* 15 U.S.C. § 1692f.

25. In addition to the non-exhaustive list of conduct that violates the FDCPA, § 1692f "allows a court to sanction improper conduct the FDCPA fails to address specifically." *Turner v. Professional Recovery Services, Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013) (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996)).

### PARTIES

26. Plaintiff is a natural person who at all relevant times resided in the State of South Dakota, County of Minnehaha, and City of Sioux Falls.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

28. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

29. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

30. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

31. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

32. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

33. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

34. On or around June 27, 2017, Defendant telephoned Plaintiff.

35. During the ensuing telephone conversation, Plaintiff disputed the debt and requested verification.

36. The June 27, 2017 telephone conversation was Defendant's initial communication with Plaintiff with respect to the Debt.

37. During the call Defendant confirmed it had Plaintiff's correct physical address.

38. After the call, Defendant sent Plaintiff written communication dated June 27, 2017 via email.

39. The June 27, 2017 written communication did not contain the notices required by 15 U.S.C. § 1692g(a)(3)-(5).

40. Defendant did not provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a)(3)-(5) in its initial communication with Plaintiff or in writing within five days thereafter.

41. In connection with the collection of the Debt, Defendant placed a telephone call to Plaintiff on June 28, 2017 and left a voicemail message.

42. Defendant's June 28, 2017 voicemail failed to disclose the caller's individual identity.

43. On June 28, 2017, Plaintiff telephoned Defendant.

44. During the ensuing call, Defendant stated the Plaintiff's Debt was "in legal."

45. In the same breath, Defendant intimated that the Debt would be turned over to attorneys for legal action to be filed against Plaintiff.

46. Rather than face the consequences of a lawsuit, Plaintiff accepted a settlement offer and paid Defendant via credit card.

47. Subsequently, Plaintiff discovered that Debt was outside the statute of limitations for Defendant to take legal action to collect.

48. Upon information and belief, the Debt arises from services incurred in 2008 and 2009.

49. The Debt would therefore be outside the statute of limitations for Defendant to take legal action to collect.

50. At no time did Defendant disclose to Plaintiff that the Debt was outside the statute of limitations for Defendant to take legal action to collect.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

51.  Plaintiff repeats and re-alleges each factual allegation above.

52.  Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(a)

53.  Plaintiff repeats and re-alleges each factual allegation above.

54.  Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a)(3)-(5), either in the initial communication with Plaintiff, or in writing within 5 days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e

55. Plaintiff repeats and re-alleges each factual allegation above.

56. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692f

57. Plaintiff repeats and re-alleges each factual allegation above.

58. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

59. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: October 3, 2017.

Respectfully submitted,

By: _____
JD Haas, Esq.
JD Haas and Associates, PLLC
9801 Dupont Ave. South, Suite 430
Bloomington, MN 55431
Telephone:   (952) 345-1025
Facsimile:   (952) 854-1665
Email: jdhaas@consumerlawinfo.com

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave D106-618
Mesa, AZ 85206